IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ELADIO RODRIGUEZ MUNIZ,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-25-CV-00671-DB |
| | § | |
| **KRISTI NOEM,** *Secretary, U.S.* | § | |
| *Department of Homeland Security, et al.*, | § | |
|     Respondents. | § | |

## ORDER

On this day, the Court considered the above-captioned case. On December 15, 2025, Petitioner Eladio Rodriguez Muniz filed an "Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days," ECF No. 1. Petitioner is detained at the Camp East Montana Detention Center at Ft. Bliss in El Paso, Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 21. He further asks the Court to prevent his transfer out of the district or out of the United States. *Id.* On December 15, 2025, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner was apprehended shortly after his entry into the United States in 2021 and placed in removal proceedings. ECF No. 1 at 5. At that time, Respondents released Petitioner on his own recognizance in accordance with 8 U.S.C. § 1226 pending a final decision in his removal proceedings. *Id.* On August 14, 2025, he was detained by Immigration and Customs Enforcement again, after a mandatory court hearing in his removal proceedings without offering him any explanation or an opportunity to be heard. *Id.* at 6.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.* at 1–2.

Yet, in their response, ECF No. 5, filed on December 18, 2025, they fail to discuss *Vieira* or offer any meaningful reasons why this case warrants a different outcome.[1] Instead, Respondents offer the same template arguments this Court has already rejected in *Vieira* and the Court's subsequent decisions. *Compare* Response, ECF No. 5 *with Rodriguez Cortina v. De Anda-Ybarra*, No. EP-25-CV-00523-DB, 2025 WL 3218682 (W.D. Tex. Nov. 18, 2025); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025); *Chinchilla v. De Anda-Ybarra*, No. EP-25-CV-00548-DB, 2025 WL 3268459 (W.D. Tex. Nov. 24, 2025); *Escobar – Arauz v. Noem*, No. EP-25-CV-00619-DB, 2025 WL 3543648 (W.D. Tex. Dec. 10, 2025); *Espinoza v. Noem*, No. EP-25-CV-00618-DB, 2025 WL 3543646 (W.D. Tex. Dec. 10, 2025); *Murzabaev v. Noem*, No. EP-25-CV-00647-DB, 2025 WL 3645181 (W.D. Tex. Dec. 16, 2025); *Garcia v. Noem*,

---

[1] This Court recognizes Respondents attempt to distinguish this case by noting "Petitioner is detained in expedited removal proceedings pursuant to 8 U.S.C. § 1225 (b)(1)(B)(ii) and not 1225 (b)(2)." ECF No. 5 at 2. However, since the Court resolves this petition on procedural due process grounds, this characteristic makes no difference.

No. EP-25-CV-00624-DB, 2025 WL 3645179 (W.D. Tex. Dec. 16, 2025); *Chavero v. Bondi*, No. EP-25-CV-00638-DB, 2025 WL 3679768 (W.D. Tex. Dec. 18, 2025). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Accordingly, the same result is warranted.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner's "Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than December 24, 2025.**

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than December 23, 2025**.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than December 30, 2025.**

**SIGNED** this **22nd** day of **December 2025**.

_____
**THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**