IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ELADIO RODRIGUEZ MUNIZ,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | EP-25-CV-00671-DB | |
| § | | |
| **KRISTI NOEM,** *Secretary, U.S.* § | | |
| *Department of Homeland Security, et al.,* § | | |
| Respondents. § | | |

**ORDER**

On this day, the Court considered Petitioner Eladio Rodriguez Muniz's Motion to Enforce Court Order and Ameliorate Conditions of Release," ECF No. 14, filed on January 30, 2026. Therein, Petitioner seeks this Court to compel the immediate removal of all non-judicially ordered conditions of release, specifically Petitioner's placement in the U.S. Immigration and Customs Enforcement's (ICE) Intensive Supervision Appearance Program (ISAP) and the onerous requirements, including electronic monitoring and home confinement. ECF No. 14 at 1. For the reasons stated herein, Petitioner's Motion is granted.

On December 22, 2025, this Court issued an Order, ECF No. 7, granting in part Petitioner's Petition for Writ of Habeas Corpus and ordering Respondents to provide Petitioner with a bond hearing before an Immigration Judge. ECF No. 14 at 2. On December 23, 2025, an immigration judge held a bond hearing, and granted bond, ordering that Petitioner be "released from custody under bond of $2,500.00." *Id.*; *see also* ECF No. 14-1 (including the immigration judge's order). The Immigration Judge's written order contains no riders, special conditions, or notations for electronic monitoring, ISAP enrollment, or any other restrictions. *Id.*

On December 30, 2025, Petitioner was released from immigration detention with an ankle monitor. ECF No. 14 at 3. ICE El Paso advised Petitioner that the ankle monitor was just for transit

purposes to ensure that he reached his intended residence in Miami, Florida. *Id.* Petitioner arrived in Miami, Florida on December 31, 2025. *Id.* On January 21, 2026, ICE informed Petitioner his ankle monitor would not be removed, and ICE had instead enrolled Petitioner in the ISAP program.[1] *Id.* at 4. On January 30, 2026, Petitioner filed the instant motion alleging, among other things, that ICE violated its own regulations[2] when, instead of appealing the Immigration Court's Order to the BIA, it imposed additional restrictions on Petitioner's supervised release that were not included in the immigration judge's December 23, 2025, written order. ECF No. 14 at 5.

As a threshold matter, the Court concludes that, by these "intensive supervision" and monitoring measures, which carry with them the potential for future adverse consequences for noncompliance, ICE controls Petitioners' daily lives and thus subjects them to significant restraints that are not shared by the public generally. *See generally A.B.D. v. Wamsley*, No. 25-CV-2014, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026) (collecting cases). Accordingly, the Court determines that Respondents, by self-described "intensive supervision" measures, continue to

---

[1] The imposed conditions include: (1) Electronic Monitoring (BI LOC8 XT): He is enrolled in the BI LOC8 XT electronic monitor technology. (2) Scheduled Home Confinement: He is subject to days designated as "House Visit, In Person, Do not Leave," which restricts him to his residence for full twelve-hour days (06:00 to 18:00), which forces him to miss work. (3) Regular ISAP Office Check-ins: He is subject to days designated as "Office Visit, In Person," which order him to appear at the ISAP office between 8:00am and 11:00am, which forces him to miss half a workday. (4) Unscheduled Home Visits: He must allow authorized personnel to enter his home for any unscheduled home visits for residence verification. (5) Geographic Restriction: He is only authorized to travel within the state of Florida and is required to provide his Specialist with 24 hours' minimum notice for any changes to his weekly schedule. (6) Risk of Detention: He must comply with all requirements of ICE, the Court, release orders, and the ISAP program. The contract explicitly warns that non-compliance can result in ICE altering his conditions for release, which may include detention. These requirements are in addition to his electronic monitoring at all times. ECF No. 14 at 4.

[2] Because it is clear the statutory and regulatory framework does not provide for the imposition of additional conditions of supervision in Petitioner's case, this Court will not reach the constitutional question.

maintain custody of Petitioners and that Petitioners may seek and be granted habeas relief from the on-going restraints on their liberty.

On February 6, 2026, Respondents filed a response, ECF No. 16. Therein, Respondents argue that "while an immigration judge may release on a bond order, the power to impose release conditions rests solely with ICE, with an opportunity for an IJ to review." ECF No. 16 at 2. Respondents point to the regulations governing the IJ's authority to "'detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released . . .' and review conditions of relief imposed by ICE." *Id.* (quoting 8 C.F.R. § 1236.1(d)(1) (citing also *Matter of Aguilar-Aquino*, 24 I&N Dec. 747 (BIA 2009) and *Matter of Garcia-Garcia*, 25 I&N Dec. 93 (BIA 2009)). Conversely, Respondents state, "Congress gave ICE authority to detain, release on bond and impose conditions on that release, or conditionally parole an alien in removal proceedings." *Id.* (citing 8 U.S.C. § 1226(a)(1), (2), and 8 C.F.R. § 236.1(c)(8)). Respondents read these provisions to mean that "while an immigration judge may release on a bond order, the power to impose release conditions rests solely with ICE, with an opportunity for an IJ to review." *Id.* Thus, Respondents argue, Petitioner is "subject[] to discretionary conditions of release under 8 U.S.C. § 1226(a)" and ICE can impose any conditions it sees fit. *Id.* at 4.

This Court declines to read the statutes and regulations in isolation. Instead, this Court will follow the majority of courts to address this issue and find the statues and regulations must be read sequentially. *See Wamsley*, 2026 WL 178306, at *8, *13; *Montes Aguillon v. Bondi*, No. EP-26-CV-00071-KC (W.D. Tex. Feb. 25, 2026); *N- N- v. McShane*, No. 25-cv-5494, 2025 WL 3143594 (E.D. Pa. Nov. 10, 2025); *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025); *Rivas v. Baltazar,* No. 26-cv-442, 2026 WL 444732, at *4 (D. Colo. Feb. 17, 2026); *Batz Barreno v.*

*Baltasar*, No. 25-cv-3017, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026); *Campbell v. Almodovar*, No. 25-cv-9509, 2025 WL 3626099, at *1 (S.D.N.Y. Dec. 15, 2025); *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *9 (S.D.N.Y. Nov. 25, 2025); *Hogarth v. Santacruz*, No. 25-cv-9472, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025)). In doing so, it is clear that Respondents may not impose additional conditions of release that are not included in the IJ's bond order.

8 C.F.R. Sections 236.1(c)(8) and 1236.1(c)(8) give ICE authority to release a detainee on bond or conditional parole. This regulatory power is derived from 8 U.S.C. Section 1226(a)(2). But if ICE denies a detainee release with conditions, the detainee may request a hearing before an immigration judge. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28 (2021) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). 8 C.F.R. Section 1236.1(d)(1) specifically states that "the immigration judge is authorized to exercise the authority in section 236 of the Act," which in turn gives the IJ the ability to release a detainee on bond and with conditions. *See* 8 U.S.C. § 1226(a)(2). If either party is dissatisfied with the immigration judge's custody determination, there are two methods of recourse: (a) appeal the immigration judge's order to the BIA or (b) after an initial bond redetermination, a detainee may request a subsequent bond redetermination upon a showing that their "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. §§ 1236.1(d)(3), 1003.19(a), 1003.19(e).

In *Orellana Juarez*, a district court addressed the same issue and concluded that "[ICE] may not impose additional conditions after an IJ has ordered release on a bond and set conditions of release." *Orellana Juarez*, 788 F. Supp. 3d at 69. Otherwise, accepting Respondents isolated reading, "the administrative adjudicatory process would be rendered meaningless and superfluous"

because, once an IJ reviewed conditions of release imposed by ICE, ICE could "thereafter impose additional release conditions notwithstanding the immigration judge's order, all while never having advocated for such conditions before the immigration judge or appealed to the BIA." *N- N-*, 2025 WL 3143594 at *3.

Here, the Immigration Judge's Immigration Judge's Order of Release Upon Bond, dated December 23, 2025, ECF No. 14-2, granted Petitioner release from custody under a bond of $2,5000.00 with no other provision for additional conditions. Respondents may not unilaterally impose additional conditions of release that are not included in an IJ's bond order. Further, Respondents argument that Petitioner was required to challenge the additional conditions of release through the immigration court within 7 days is inapplicable here because that review procedure applies only when conditions of release are imposed prior to an IJ's bond order. *See Orellana Juarez*, 788 F. Supp. 3d at 69; *N- N-*, 2025 WL 3143594, at *3–4.

Accordingly, **IT IS HEREBY ORDERED** Petitioner Eladio Rodriguez Muniz's "Motion to Enforce Court Order and Ameliorate Conditions of Release," ECF No. 14, is **GRANTED.**

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY REMOVE** Eladio Rodriguez Muniz's ankle monitor and all other conditions of release not imposed in the Immigration Judge's Order of Release Upon Bond, dated December 23, 2025, ECF No. 14-2.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than March 10, 2025**.

**IT IS FINALLY ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than March 12, 2026.**

**SIGNED** this **6th** day of **March 2025**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**